STRINGER, Judge.
Leroy Butler challenges his conviction and sentence for armed burglary and sexual battery with use of a deadly weapon. He contends that the DNA evidence which led to his conviction should have been suppressed because it was obtained by the erroneous and unconstitutional application of section 943.325(l)(a), Florida Statutes (Supp.1996),[1] which requires DNA testing for certain violent offenders. At the time that blood samples were drawn from him, Butler was not incarcerated for one of the offenses enumerated in the statute. Although we agree that the statute did not apply to him, we affirm. Butler’s blood was drawn pursuant to a search warrant, and after reviewing the warrant and application, we are persuaded that the good faith exception to the exclusionary rule saved this evidence from suppression. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
Affirmed.
BLUE, C.J., and DAVIS, J., Concur.

. Section 943.325(l)(a), Florida Statutes (Supp.1996), provides:
Any person convicted, or who was previously convicted and is still incarcerated, in this state for any offense or attempted offense defined in chapter 794, chapter 800, s. 782.04, s. 784.045, s. 812.133, or s. 812.135, and who is within the confines of the legal state boundaries, shall be required to submit two specimens of blood to a Department of Law Enforcement designated testing facility as directed by the department.